**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NANCY CINTRON,<br>    Appellant, | DOCKET NUMBER<br>AT-0752-17-0078-I-1 |
|   v. | |
| DEPARTMENT OF DEFENSE,<br>    Agency. | DATE: April 2, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Ed Passman, Esquire, and Kevin L. Owen, Esquire, Silver Spring,
 Maryland, for the appellant.

Nicole Davis, Esquire, Washington, D.C., for the appellant.

Melissa Martinez, Esquire, and John Schettler Chamblee, Esquire,
 Peachtree City, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. For the reasons discussed below, we GRANT the appellant's petition for review; AFFIRM the administrative judge's findings regarding the agency's charges and the appellant's claim of national

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

origin discrimination; MODIFY the initial decision to find that the appellant did not establish harmful procedural error; VACATE the administrative judge's findings on nexus, the penalty, and the appellant's claims of retaliation for equal employment opportunity (EEO) and union activities; and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was a second grade teacher at Brittin Elementary School, an elementary school for children of military members and certain civilian employees. Initial Appeal File (IAF), Tab 8 at 7, 73. By letter dated January 28, 2016, the agency notified the appellant that her performance under Critical Element 1 of her performance plan was unacceptable and that she was being placed on a 60-day performance improvement plan (PIP). IAF, Tab 13 at 69-80. In May 2016, the appellant's performance under Critical Element 1 for school year 2015-2016 was rated "Unacceptable." *Id*. at 12. On July 27, 2016, the agency proposed her removal under chapter 75 of title 5 of the United States Code based on the following four charges: (1) unacceptable performance; (2) failure to properly supervise students; (3) failure to follow posted lesson plan; and (4) inappropriate interactions with students. IAF, Tab 8 at 35-51. Charge 1 was based on the appellant's alleged unacceptable performance under Critical Element 1 of her performance plan. *Id*. at 35-47. The deciding official sustained the proposed removal effective September 30, 2016. *Id*. at 69-71. The appellant subsequently filed an appeal in which she alleged, inter alia, that the agency committed harmful procedural error, discriminated against her on the basis of her national origin, and retaliated against her for her protected EEO and union activities. IAF, Tab 1 at 7.

After holding a hearing, the administrative judge issued an initial decision sustaining the appellant's removal. IAF, Tab 37, Initial Decision (ID). The administrative judge found that the agency proved each of its four charges by

preponderant evidence.  ID at 4-36.  The administrative judge then considered the appellant's affirmative defenses and found that she failed to establish that her removal was the product of discrimination based on national origin or retaliation for having been involved in EEO and union activities.  ID at 36-38.  In addition, the administrative judge found that the agency established the nexus requirement and that the penalty of removal was reasonable under the circumstances.  ID at 38-40.

The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 3.  The agency has filed a response to the appellant's petition.  PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant alleges that the administrative judge applied the incorrect standard for determining if the agency retaliated against her for her union activity.  PFR File, Tab 3 at 6-11.  In addition, the appellant contends that, regardless of whether the administrative judge applied the correct standard to this claim, the administrative judge erred in failing to address record and testimonial evidence relating to this allegation.[2]  *Id*. at 11-23.  The appellant also asserts that the administrative judge failed to properly adjudicate her affirmative defense of reprisal for protected EEO activity.  *Id*. at 23-25.  In addition, the appellant alleges that the administrative judge failed to make sufficient findings regarding her allegation of harmful procedural error.  *Id*. at 25-29.  As set forth below, we find that a remand is necessary for further adjudication of the appellant's retaliation claims.

The agency met its burden of proving its charges.

As previously noted, under Charge 1, the agency charged the appellant with unacceptable performance.  IAF, Tab 8 at 35.  The administrative judge found that the agency proved all five specifications that were sustained by the deciding

---

[2] Because we agree that the administrative judge applied the incorrect standard to the appellant's claim of reprisal for union activity, we need not address this argument.

official under this charge.[3]  ID at 4-28; IAF, Tab 8 at 35-47, 69.  Under each specification, the agency charged the appellant with failing to meet a different performance "substandard" under Critical Element 1 of her performance standards.  IAF, Tab 8 at 35-47.  On review, the appellant offers no basis for revisiting the administrative judge's well-founded conclusions concerning this charge.  Because the record reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions, we affirm the administrative judge's findings regarding Charge 1. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Similarly, the administrative judge found that the agency proved Charge 2 —failure to properly supervise students—which had one underlying specification. ID at 28-29; IAF, Tab 8 at 47.  Under the specification, the agency charged the appellant with leaving her students unattended in her classroom while she was speaking to another teacher in the hallway.  IAF, Tab 8 at 47.  We discern no basis for disturbing the administrative judge's determination that the agency established this specification—and thus the charge—through documentary evidence and live testimony.  *See Crosby*, 74 M.S.P.R. at 105-06; *Broughton*, 33 M.S.P.R. at 359.

As for Charge 3, failure to follow the appellant's posted lesson plan, the administrative judge found that the agency established two specifications

---

[3] The agency initially charged the appellant with six instances of misconduct under Charge 1.  IAF, Tab 8 at 35-47.  Specifically, under Specification 2, the agency charged the appellant with failing to meet Critical Element 1, Substandard (c) of her performance plan. *Id*. at 36-38.  Under a separate specification also listed as Specification 2, the agency charged the appellant with unacceptable performance under Critical Element 1, Substandard (d) of her performance plan. *Id*. at 38-39.  The deciding official did not sustain the second Specification 2; thus, the administrative judge properly did not consider that specification. *Id*. at 69; ID at 4.

underlying the charge. ID at 30-31. Under this charge, the agency charged the appellant with failing, on six different dates, to follow a scheduled time for a specific classroom activity. IAF, Tab 8 at 47-49. The administrative judge found that the deciding official only sustained two of the specifications and that the agency proved these specifications by preponderant evidence. ID at 30-31. Again, the appellant has provided nothing on review that would require us to revisit the administrative judge's findings that the agency proved these two specifications, and accordingly, the charge.[4]

Finally, the administrative judge also found that the agency proved Charge 4, inappropriate interactions with students. ID at 32-36. Under the specifications in support of the charge, the agency charged the appellant with making negative comments to students that, in certain instances, allegedly embarrassed students. IAF, Tab 8 at 49-50. The administrative judge found that the agency established two out of the three specifications listed in support of the charge and, thus, that it proved its charge. ID at 32-36; *see Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (holding that "proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge"). The administrative judge's finding that the agency proved Charge 4 was based in part on credibility determinations. ID at 35-36. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly

---

[4] The administrative judge found, based on the deciding official's testimony, that the deciding official sustained only two of the specifications underlying Charge 3 because the others concerned math. ID at 29-30. However, the decision letter states that all six specifications under Charge 3 were sustained by the deciding official. IAF, Tab 8 at 69. The deciding official did note in the decision letter that observations relating to math were not considered in deciding the penalty. *Id*. at 70. To the extent the administrative judge erred by not considering the other four specifications underlying the charge, any such error did not prejudice the appellant's substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Specifically, because "proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge," Charge 3 can nonetheless be sustained based on the specifications that the administrative judge did consider and uphold. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990).

or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not provided a basis for disturbing the administrative judge's credibility determinations or other findings regarding the two sustained specifications under Charge 4.

Accordingly, we affirm the administrative judge's finding that the agency established its four charges.

<u>The appellant has not established harmful procedural error.</u>

As previously noted, the appellant alleges on review that the administrative judge failed to adequately address her allegation of harmful procedural error. PFR File, Tab 3 at 25-26. The appellant asserts that the agency violated the applicable collective bargaining agreement (CBA) by failing to give her a reasonable opportunity to improve her performance prior to her removal.[5] *Id.* at 25.

The administrative judge recognized that the appellant raised this affirmative defense in an order and summary of prehearing conference. IAF, Tab 31 at 8. The administrative judge properly advised the parties in the order that, to establish harmful procedural error, the appellant must establish that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Id.*; *Doe v. Department of Justice*, 123 M.S.P.R. 90, ¶ 7 (2015).

The administrative judge, however, does not appear to have analyzed this allegation as a harmful error claim in the initial decision. Rather, the administrative judge appears to have considered it in analyzing whether the

[5] The applicable CBA states that, "[i]n those instances where improvement is necessary, the [a]gency shall provide assistance to improve unacceptable performance prior to proposing any performance-based action." IAF, Tab 8 at 21. The CBA requires, among other things, that the agency provide the employee with "a reasonable opportunity to improve performance." *Id.*

agency established its charge of unacceptable performance. ID at 27. The administrative judge considered the appellant's arguments that the principal of Brittin Elementary School, who supervised the appellant during her PIP, only criticized her, never told her how to improve, and was disruptive during the classroom. ID at 27. After carefully considering the record, the administrative judge found these assertions to be unsupported. *Id*. Among other things, the administrative judge noted that the principal tried to help the appellant improve her performance by giving her written notes from her observations and meeting with her to discuss them. *Id*. The administrative judge also noted that the principal arranged for specialists from the school to work with the appellant and provide her with additional training. *Id*.

We therefore find that the administrative judge addressed the appellant's allegation that the agency did not provide her with a reasonable opportunity to improve, and we discern no reason for disturbing the administrative judge's findings on this issue. To the extent the administrative judge erred in considering this issue in analyzing Charge 1 rather than as an allegation of harmful procedural error, any such error did not prejudice the appellant's substantive rights because the administrative judge apprised the appellant on how to establish such an affirmative defense and the appellant failed to meet her burden of proof on this claim. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Because the administrative judge did not explicitly consider this allegation under the analytical framework that is applicable to harmful procedural error claims, we modify the initial decision to find that the appellant failed to establish any such claim of harmful procedural error.

<u>Remand is necessary for adjudication of the appellant's allegation of reprisal for having engaged in union activity.</u>

The administrative judge applied a general reprisal standard in the initial decision when analyzing the appellant's allegation that the agency retaliated against her for her protected union activity.[6] ID at 37-38. However, such a standard is inapplicable to claims, like the one here, that allege reprisal for participation in union-related activities under 5 U.S.C. § 2302(b)(9)(B). *See Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 9-11 (2015). Section 2302(b)(9)(B) makes it unlawful for an individual to take, fail to take, or threaten to take or fail to take a personnel action because of the employee "testifying for or otherwise lawfully assisting any individual in the exercise of any right referred to in [5 U.S.C. § 2302(b)(9)(A)] (i) or (ii)." Performing union-related duties are protected activities under section 2302(b)(9). *Alarid*, 122 M.S.P.R. 600, ¶ 10. Under such circumstances, this reprisal claim should be analyzed under the burden-shifting standards set forth in section 1221(e). *Id.*, ¶ 12.

We therefore vacate the administrative judge's findings regarding the appellant's allegation of reprisal for union activity. Upon remand, the administrative judge should apprise the appellant of her burden of proof on this claim, afford the parties an opportunity to conduct discovery on the issue, and hold a supplemental hearing if requested. The administrative judge must first determine whether the appellant established that she engaged in such protected activity, then consider whether that activity was a contributing factor in the removal at issue in this appeal. *Id.*, ¶ 13. If the appellant establishes those factors by preponderant evidence, then the administrative judge must consider whether the agency met its burden by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected activity. *Id.*, ¶ 14.

---

[6] The administrative judge also provided the appellant with the incorrect standard on this claim, and on the appellant's allegation of reprisal for prior EEO activity, in an order and summary of prehearing conference. IAF, Tab 31 at 8.

<u>The administrative judge applied the incorrect standard to the appellant's allegation of retaliation for protected EEO activity.</u>

After the initial decision was issued, the Board clarified the proper analytic framework for adjudication of discrimination claims and claims of retaliation for protected EEO activity. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-25, 30. Under *Pridgen*, the appellant bears the initial burden of proving by preponderant that the prohibited consideration was a motivating factor in the agency's action. *Id.*, ¶¶ 21, 30. Here, in considering the appellant's allegation of reprisal for protected EEO activity, the administrative judge applied a general reprisal standard. ID at 37. The use of this standard was in error. *See id.*, ¶ 32. [7]

Thus, we vacate the administrative judge's findings on the appellant's allegation of reprisal for protected EEO activity. On remand, the administrative judge should instruct the parties of the standards of proof applicable to a claim of EEO reprisal and provide them with an opportunity to further develop the evidence on this issue. The administrative judge's new decision should incorporate the correct standard for analyzing the appellant's allegation of reprisal for EEO activity. In the new initial decision, if the appellant fails to prove her affirmative defenses of reprisal for EEO and union activities, than the administrative judge may adopt her original findings regarding nexus and the penalty. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 11 (2016).

---

[7] Regarding the appellant's affirmative defense of national origin discrimination, the administrative judge considered the evidence as a whole in finding that the appellant failed to show that discrimination was a motivating factor in her removal. Because we discern no error with the administrative judge's motivating factor analysis or conclusions regarding the appellant's discrimination claim, it is unnecessary for us to address whether discrimination or retaliation was a but-for cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-25.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                                 Gina K. Grippando
                                                 Clerk of the Board

Washington, D.C.